IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| QUINANNA AUSTIN, o/b/o AJL | * | |
| Claimant, | * | |
| VS. | * | CASE NO. 4:05-CV-95 (CDL) Social Security Appeal |
| JO ANNE BARNHART, Commissioner of Social Security, | * | |
| Respondent. | * | |

## RECOMMENDATION OF DISMISSAL

Before the court is Defendant's Motion to Dismiss Claimant's complaint, alleging that it should be dismissed as she has failed to exhaust her available administrative remedies with respect to her son's claim of disability. The court notified the Claimant of her right to respond to the Motion to Dismiss, which she filed on November 25, 2005.

The facts reveal that the Claimant, on behalf of her son, filed an application for Supplemental Security Income benefits, which was denied on February 23, 2004. The Claimant was given notice that she could file a request for reconsideration within sixty days, which ended April 28, 2004. On August 6, 2004, almost three and a half months after the request would have been properly filed, the Claimant requested reconsideration of the denial. Her request was thereafter denied. She then filed a request for a hearing by an administrative law judge which was denied on October 29, 2004. The ALJ, in denying Claimant's request, stated that because the Claimant's request for reconsideration was denied, she was not entitled to a hearing. The ALJ further cited 20 C.F.R. § 416.1403(a)(8), which states that where an there has been an administrative action denying a request to extend the time period

for requesting review of a determination or a decision, the action is not subject to judicial review by an ALJ.

## **Legal Authority**

The district court's jurisdiction in this case is limited by the Social Security Act, and judicial review only exists over "final decisions" of the Commissioner. 42 U.S.C. § 405(g). Because such the Commissioner's decision not to reopen a claim is not a "final decision" within the meaning of section 405(g), district courts generally do not have jurisdiction over those claims. *Stone v. Heckler*, 778 F.2d 645, 646-47 (11th Cir.1985). However, the Eleventh Circuit, along with other circuits, have held that this Court may possess subject matter jurisdiction in cases where "a social security claim is in fact reopened and reconsidered on the merits to any extent on the administrative level." *Macon v. Sullivan*, 929 F.2d 1524, 1529 (11th Cir.1991); see also *Passopulos v. Sullivan*, 976 F.2d 642, 645-46 (11th Cir.1992).

The Eleventh Circuit has also held that judicial review is available to a claimant where he/she raises a colorable constitutional issue. *Sherrod v. Chater,* 74 F.3d 243 (11th.Cir.1996). The Court's reasoning behind this exception is quoted as being that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."*Id.*; *Callis v. Department of Health & Human Servs.*, 877 F.2d 890, 891 (11th Cir.1989).

In responding to the Commissioner's Motion to Dismiss, Plaintiff in the case at issue merely states that her case should be heard by the district court because it had been handled unfairly by the social security administration.

As stated *supra*, this court has jurisdictional authority to review a social security claim where the "...claim is in fact reopened and reconsidered on the merits to any extent on the administrative level." *Macon v. Sullivan*, 929 F.2d 1524, 1529 (11th Cir.1991). The Eleventh Circuit, in analyzing this very issue, stated that "...if the [Commissioner] merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then he has not reopened that application." *Brown v. Sullivan,* 921 F.2d 1233, 1237 (11th Cir.1991). Another prevailing case has held that the Commissioner "must in fairness look far enough into the proffered factual and legal support [for the first application] to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." *Cherry v. Heckler,* 760 F.2d 1186, 1189 (11th Cir.1985).

Based on the factual background of this case, along with applicable law, there exists no evidence to support a contention that this court has jurisdiction to review the decision in this matter.

## **CONCLUSION**

Because the Plaintiff failed to satisfy the requirements of either exception to 42 U.S.C. § 405(g), no basis is found for the Claimant's claims that this Court has jurisdiction to review

the decision of the Commissioner in this matter.

**WHEREFORE**, it is the recommendation to the United States District Judge that the Defendant Commissioner of Social Security's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

**SO RECOMMENDED**, this 5th day of January 2006.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE

sWe